JONATHAN A. McGARY vs. SUSAN A. LAMB, minor, by her next friend, B. ROBINSON — Error from Walker County.

The verdict of a jury on a question submitted to them, respecting the correctness of accounts rendered by a guardian against his ward, is entitled to great weight, and should not be set aside unless clearly and palpably against evidence.

When a guardian charges his ward with counsel fees paid by him, he must show that the services rendered by the counsel were necessary for the interest of the ward.

Case stated in the opinion of the court.

YOAKUM for plaintiff in error.

LEIGH for defendant in error.

Mr. Justice LIPSCOMB delivered the opinion of the court.

This case arose on a settlement of accounts between the plaintiff and his ward, S. A. Lamb, in the probate court of Walker. On the rejection of a part of the plaintiff's account by that court, an appeal was taken to the district court, where, after an issue had been tried and found against the account, and judgment rendered by the district court against the guardian, he brought the case into this court for revision.

The account was for taxes on land belonging to the ward, from 1838 until 1848, for board, nurture and clothing, from the time the minor was about eighteen months old, at which time the guardian had intermarried with the mother of his ward; and for counsel fee in dividing the land between the ward and her mother. The account was in the district court put to a jury, who rendered the following verdict: "We, the jury, disallow the whole charge for taxes, and the whole charge for raising, nurturing, etc., of the minor, Susan A. Lamb. We believe her services more than adequate to the taxes and the expenses of her raising." The legality of the charge for counsel fee was submitted to the court, and that was rejected. The evidence, as presented by the statement of facts, seems to have been somewhat contradictory; some witnesses testifying, that to raise a child from the time of its being one or two years old until it

was ten, was worth from twenty to thirty dollars per annum; others that it was worth little or nothing. It was in proof that young slaves, not so large as the plaintiff's ward, would hire at four dollars per month, and that a negro child five years old would be furnished victuals and clothes for her services. It was in proof by a witness, who had worked with the plaintiff, and made a crop with him in the year 1845, that plaintiff told witness that his ward and his own child, still younger, would together make a hand in picking out cotton; and witness proved that they did pick out to the amount of four or five hundred pounds of ginned cotton; that when she was not out at work she was knocking about the house, doing such things as were necessary. The verdict of a jury on a question of this sort is entitled to great weight, and should not be set aside unless clearly and palpably against evidence. It is peculiarly the province of the jury to weigh the evidence when it is in any degree contradictory, and reconcile it all, if possible. This was peculiarly a case where the practical good sense of a jury of the neighborhood could assert the superior advantages of the institution of trial by jury in the correct ascertainment of facts; and that this duty was judiciously discharged there can be no doubt. It will be seen by a reference to the evidence, that those witnesses who testified that it was worth from twenty to thirty dollars per annum to support and clothe a child from eighteen months old until it was ten years old, all responded to an abstract question, and if the testimony applied to a child fed, clothed, and properly attended to, without rendering any service whatever, their estimate would not be considered unreasonable. But the other witnesses testified to the services of this particular child, and to the value of the services of children when employed at such work as could be performed by them. In this way the testimony of the different witnesses could be reconciled, and fully sustain the correctness of the verdict; and, from the evidence, the jury may well have come to the conclusion that so far from the ward being an expense, that she had been serviceable to her guardian. There was evidence that she had been a working child, but there is none that

she had been sent to school, or otherwise instructed. We can perceive no grounds that would have authorized the court below to set aside the verdict of the jury. The charge for one-half of the fee paid counsel for the division of the land, which was submitted to the court and rejected, presents some more difficulty. If the division was a just one, and called for by the interest of the ward, it would appear to be a reasonable charge. It was, however, incumbent on him to have shown, in asking this allowance, that it was necessary to the interest of his ward, and from aught that appears on the record, he may have represented both his wife and his ward in that division; and if so, he occupied a position that forbid any presumption in favor of his acts. It was not sufficient that he should show that he had paid the fee, and that it was reasonable in such cases; he should have shown that it had been correctly done, and without any injustice to his ward. We must suppose that the district judge disallowed the charge on this ground.

The ground assumed by plaintiff's counsel, that the plaintiff was not bound to support his ward gratuitously, is admitted to be sound in law, but then he is not entitled, gratuitously, to her personal services; and it would be great injustice for the ward to be kept at work, and never sent to school, and yet to be charged for board and clothing.

The judgment of the court below must be affirmed.